TEXAS & NEW ORLEANS RAILWAY COMPANY V. JOHN KENNY ET AL.

Decided May 6, 1907.

**1.—Death of Son—Measure of Damage.**

In a suit by parents for the negligent killing of their son who was contributing to their support, the measure of damage is such a sum as placed at legal rate of interest would yield the amount annually that the son contributed to the support of the parents.

**2.—Same—Excessive Verdict.**

Where it appeared from the evidence in a suit by parents for the negligent killing of their son that the deceased was 22 years of age at the time of his death; that he was earning $70 per month, with fair prospect of promotion and larger wages; that during the year preceding his death he had contributed $100 to the support of his parents, and the total amount contributed by him up to that time was only about $200, a verdict for $5,000 was excessive, and a remittitur of $1,500 required.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Baker, Botts, Parker & Garwood,* and *Chester & Da Ponte,* for appellant.—That the verdict was excessive, cited: Missouri Pac. R. Co. v. Henry, 75 Texas, 224; Atchison T. & S. F. R. R. Co. v. Van Belle, 64 S. W. Rep., 397; Cole v. Parker, 66 S. W. Rep., 135; Mexican N. R. Co. v. Finch, 8 Texas Civ. App., 416; Southern Pacific Co. v. Winton, 66 S. W. Rep., 477.

*Lovejoy & Parker,* for appellees.—That the verdict was not excessive, cited: Texas & Pacific Ry. v. Lester, 75 Texas, 61; Missouri Pacific Ry. Co. v. Henry, 75 Texas, 224, 225; Galveston, H. & S. A. Ry. v. Hughes, 22 Texas Civ. App., 140; Brown v. Sullivan, 71 Texas, 478.

GILL, CHIEF JUSTICE.—John Kenny and wife sued the railway company for damages for the negligent killing of their son, who had contributed and would have continued to contribute something to their support. Defendant conceded liability and the only issue was the amount of damages. The jury awarded $5,000 and from a judgment upon that verdict the defendant prosecutes this appeal.

The first assignment questions the amount of the verdict. John Kenny was 59 years old at the date of the trial and his wife about the age of 52 years. He is a section foreman at a salary of $50 per month and runs the boarding house for section men at some profit. He has no other property. He is in fair health. The general health of his wife is good, but she is somewhat rheumatic. Their living children are a married daughter living in Houston, a married son and an unmarried son, the latter about 15 years of age. Two daughters unmarried, aged 16 and 18 respectively. None of their children except deceased has given them anything. Deceased at the time of his death was 22 years old; was a locomotive fireman earning $70 per month. He had no source of income but his salary, but would have been eligible for promotion to the position

of engineer in six months. The certainty of that promotion or the increase of salary does not appear.

About two years before his death plaintiffs had much sickness in their family and the husband was out of employment a part of that time, and during that time the husband states generally that deceased contributed an average of $35 per month. During that time, however, and up to his death, the testimony shows a total of only about $200 in money was contributed by deceased. During the year preceding his death he gave plaintiffs and their children a total of $100. He did not live with his parents as his work made it necessary for him to live elsewhere. He had declared his purpose to aid them, and stated that he intended to build a home for their use in their old age.

Upon a careful consideration of all the evidence we have concluded the appellees should be required to remit $1,500 of the judgment. Thirty-five hundred dollars placed at legal interest will pay an income of $210 per year and leave the principal untouched at the death of either or both the plaintiffs and, with the exception of one year, that was much more than deceased had ever contributed. We think the sum last named is quite as much as the record will justify.

If the remittitur is entered the judgment as thus reduced will be permitted to stand, otherwise the cause will be remanded.

*Affirmed upon remittitur.*